**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **BILLY G. ASEMANI,** | * | |
| **Petitioner** | * | |
| **v.** | * | **Civ. No. DLB-23-3275** |
| **U.S. DEPARTMENT OF HOMELAND SECURITY,** | * | |
| | * | |
| **Respondent** | | |

**MEMORANDUM**

Petitioner Billy G. Asemani is currently incarcerated at Roxbury Correctional Institution in Hagerstown, Maryland.  ECF 1.  On November 20, 2023, he filed an "Emergency Pro Se Petition (Life and Death Situation) and Motion for Appointment of Counsel" in the U.S. District Court for the Middle District of Pennsylvania; the Court construed his filing as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  ECF 1.  He simultaneously filed a Motion to Seal and Motion to Appoint Counsel.  ECF 2, 3.  On November 27, 2023, the Pennsylvania court transferred the case to this Court because a § 2241 petition "must be filed in the district of confinement, which is the only district with jurisdiction to hear the challenge."  *See United States v. Craft*, 514 F. App'x 91, 93 (3d Cir. 2013).

Asemani, who is currently awaiting removal from this country, asks the Court "to stay" the final order of removal against him because, he contends, the decision of final removal is improper.  ECF 1, at 3.  Under 8 U.S.C. § 1252(a)(5), the exclusive means of judicial review of an order of removal is only available through the appropriate court of appeals.  Although Asemani argues that this Court has jurisdiction to stay his removal even if it lacks jurisdiction to review the removal order, he has not identified the basis for this Court's jurisdiction.  Accordingly, Asemani's petition

is dismissed without prejudice.  Asemani must file his claims in the U.S. Court of Appeals for the Fourth Circuit.

Also pending is Asemani's motion to seal this case.  ECF 2.  "When parties 'call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials.'"  *Doe v. Public Citizen*, 749 F.3d 246, 271 (4th Cir. 2014) (quoting *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000)).  The public has a right of access to documents filed in this Court, either under the common law or the First Amendment.  *Id.* at 266.  If the right of access to the documents at issue stems from the common law, the "presumption [of right of access] can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'"  *Id.* (quoting *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).  If the First Amendment applies, "access may be restricted only if closure is 'necessitated by a compelling government interest,' and denial of access is 'narrowly tailored to serve that interest.'"  *Id.* (quoting *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986)).  To protect these rights, Local Rule 105.11 (D. Md. 2023), which governs the sealing of all documents filed in the record, states in relevant part that "[a]ny motion seeking the sealing of pleadings, motions, exhibits or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection."

Asemani broadly requests to seal this entire case.  ECF 1, 2.  He does not clearly provide reasons the entire case should be sealed, and instead baldly claims that he is in "imminent danger." ECF 1, at 1, 2.  These unsupported assertions, without more, cannot outweigh the public's common-law right of access to the case.  Asemani's motion to seal this case is denied.  As for his petition and motion to seal specifically, ECF 1 and 2, Asemani has shown that they contain

confidential information that he has a significant interest in maintaining under seal, an interest that greatly outweighs any public interest in their contents. Therefore, the motion is granted as to those two documents only.

Asemani also seeks the appointment of counsel. ECF 1, 3. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). The court considers "the type and complexity of the case," whether the plaintiff has a colorable claim, and the plaintiff's ability to prosecute the claim. *See Whisenant v. Yuam*, 739 F.2d 160,163 (4th Cir. 1984) (internal citations omitted), *abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989). Exceptional circumstances include a litigant who "is barely able to read and write," *id.* at 162, or clearly "has a colorable claim but lacks the capacity to present it," *Berry v. Gutierrez*, 587 F. Supp. 2d 717, 723 (E.D. Va. 2008). Asemani has not demonstrated the exceptional circumstances needed for the court to appoint counsel because his case is being dismissed without prejudice. His motion for appointment of counsel is denied without prejudice. If he pursues his claims in the United States Court of Appeals for the Fourth Circuit, he may request appointment of counsel there.

Finally, Asemani filed correspondence seeking a copy of the docket sheet for this case, which was construed as a Motion for a Copy. ECF 8. Inasmuch as this correspondence seeks a copy of the docket sheet, it is granted, and the Clerk will provide Asemani with a copy of the docket sheet along with a copy of this memorandum and the corresponding Order.

A separate Order follows.


_February 12, 2024_
Date

Deborah L. Boardman
United States District Judge